**STEWART et al. v. CONNECTICUT MUT. LIFE INS. CO. et al.**

**No. 3371.**

Circuit Court of Appeals, First Circuit.

March 2, 1939.

Kendall L. Johnson, of Woburn, Mass. (Harold P. Johnson, of Woburn, Mass., on the brief), for appellants.

F. H. Nash, of Boston, Mass. (Bailey Aldrich, of Boston, Mass., on the brief), for appellee Connecticut Mut. Life Ins. Co.

Kenneth B. Williams, of Boston, Mass., for appellee Woburn Charitable Ass'n.

Warren G. Reed, of Boston, Mass. (John M. Morrison and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., on the brief), for appellees Betty Linscott, etc.

Before BINGHAM and WILSON, Circuit Judges and PETERS, District Judge.

PER CURIAM.

In this case the owner of an insurance policy on his own life had specified a beneficiary, but in the policy reserved the right to change the beneficiary or mode of settlement at any time without the consent of the beneficiary. The insured, before his death, and without the knowledge of the beneficiary, made a written modification of the contract, accepted by the company, which affected both the beneficiary and the mode of settlement, in that the proceeds of the policy at maturity were to be given to a trustee to pay the income to the beneficiary for life, with the remainder over to others, instead of being paid wholly to the beneficiary at the death of the insured. The policy having matured by the death of the insured, the original beneficiary and her assignees claim the whole proceeds on the ground that the change in the insurance contract was not valid as not complying with the precise method of changing a beneficiary set forth in the policy.

The District Court properly held that under the terms of the contract the insured had complete control over it during his lifetime, and that in the exercise of his right to change the beneficiary and the mode of settlement it was not essential that he should go through the form and take the roundabout way of first changing the beneficiary and then selecting an option of the policy, but that he could accomplish the desired result by direct arrangement with the company.

Other points raised by the appellants in the same connection were properly decided in the District Court.

Four insurance policies were involved, but the questions raised were the same in all cases.

The decree of the District Court is affirmed with costs.